[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 6, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-11567
Non-Argument Calendar

_____

D. C. Docket No. 08-20820-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHADWICK NEELY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 6, 2010)

Before DUBINA, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Chadwick Neely appeals his 70-month sentence imposed

following his guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

On appeal, Neely argues that his sentence was unreasonable because it was greater than necessary to fulfill the purposes of sentencing under 18 U.S.C. § 3553(a). Neely also argues that the district court failed to state the reasons for its decision and that it did not consider his arguments and the § 3553(a) factors.

We review the reasonableness of a sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594, 169 L. Ed. 2d 445 (2007). A defendant challenging his sentence bears the burden of establishing that it is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Overall, the analysis is a two-step process. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we examine whether the district court committed any significant procedural error. *Id.* Second, after we determine that the sentence is procedurally sound, we review the sentence for substantive reasonableness. *Id.*

When reviewing for procedural unreasonableness, we should ensure that the district court: (1) properly calculated the guidelines range; (2) treated the Guidelines as advisory; (3) considered the § 3553(a) factors; (4) did not select a sentence based on clearly erroneous facts; and (5) adequately explained the chosen

sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. When the district court considers the § 3553(a) factors, the district court need not discuss each factor. *Talley*, 431 F.3d at 786. All that is required is that the district court acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005).

A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *Pugh*, 515 F.3d at 1191 (internal quotation marks omitted). The analysis includes "examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2848 (2009). The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)). The weight the district court accords to "any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . ." *United States v. Amedeo*, 487 F.3d 823, 832

(11th Cir. 2007) (internal quotation marks omitted).  In terms of the reasonableness of the sentence imposed, we have held "that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788.

We conclude from the record that the district court did not abuse its discretion in imposing a 70-month sentence.  The sentence was both procedurally and substantively reasonable, and Neely failed to demonstrate that the district court abused its discretion.  Accordingly, we affirm Neely's sentence.

**AFFIRMED.**